IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,293-01






EX PARTE ARMANDO NARRO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2009-423,005 IN THE 140TH DISTRICT COURT


FROM LUBBOCK COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged with possession with
the intent to deliver cocaine. He agreed to stipulate to the charges in the indictment, but, as reflected
in the judgment, he was convicted of possession with the intent to deliver methamphetamine. He was
sentenced to five years' imprisonment. He did not appeal his conviction.

 Applicant contends that trial counsel advised him to plead guilty to possession with the intent
to deliver methamphetamine even though he had not been charged with this offense. He also
contends that he is actually innocent and that there is no evidence to support his conviction. The trial
court made findings of fact and concluded that trial counsel rendered ineffective assistance and that
there is no evidence to support a conviction for possession with the intent to deliver cocaine. After
reviewing the record, we conclude that Applicant's claims are without merit. With respect to his
ineffective assistance of counsel claim, counsel filed a sworn affidavit and stated that Applicant had
previous felony convictions and could have been sentenced as a habitual offender. Tex. Pen. Code
§ 12.42(d). Counsel also said that both cocaine and methamphetamine are in Penalty Group 1, Tex.
Health & Safety Code § 481.102, and that these offenses have identical punishment ranges. Tex.
Health & Safety Code § 481.112. Finally, he said that the indictment could have been amended
and that the mistake in the indictment might have been why the State agreed to lower its offer from
thirty to five years, the minimum punishment. In his "experience, a minimum offer for a habitual
offender with two additional felonies pending is not often made in Lubbock County." Accordingly,
relief is denied.



Delivered: November 9, 2011

Do Not Publish